[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S APPEAL OF DECISION OF FAMILY SUPPORT MAGISTRATE
This is an appeal from the decision of the family support magistrate, Edmund H. Miller, filed April 30, 1991. Although the decision concerned a motion for contempt by the plaintiff against the defendant, and the defendant's motion for modification of child support, this appeal is only from the decision on the defendant's motion for modification.
The defendant has taken this appeal pursuant to Section 46b-231(n) of the Connecticut General Statutes and Section 479B of the Connecticut Practice Book. He requests that the court reverse and modify the magistrate's decision. The defendant has detailed several grounds upon which he claims the magistrate was in error. These grounds are set forth in his petition dated May 7, 1991 and essentially track the claims that may be made under Section 46b-231 (n)(7) of the General Statutes.
The court has carefully reviewed the magistrate's Memorandum of Articulation: the transcript of the hearings held on July 12, 1990 and October 22, 1990: and the briefs and oral arguments of counsel. The court concludes that there is merit to the defendant's claim. CT Page 9075
In his memorandum, the magistrate has failed to make any pertinent and relevant factual determinations: has failed to make a review or analysis of financial data; and does not discuss, consider or analyze the child support guidelines. The magistrate has failed to set forth any relevant basis for reaching his conclusion. However, a review of the record indicates that the magistrate's decision is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.
The record indicates that at the time of dissolution of the parties' marriage, the plaintiff's net weekly income was $206.27. At that time, the defendant's net weekly income was 396.75. At the time of the hearing before the magistrate, the plaintiff's net weekly income was a minimum of $355.30, consisting of $279.30 from wages; $50 rental income; and $26 average per week for part time employment. The defendant's net income at that time was reduced to $365.35. The court concludes that the increase in the defendant's net income constituted a substantial change of circumstances.
A consideration of the child support guidelines in effect at the time of the hearing indicates that on the combined net incomes of $720 (defendant's income of $365 and plaintiff's income of $355), that the defendant's responsibility would be $160 per week for the two children of the parties. Based on the defendant's income, the court finds that the present order of $250 per week is a substantial deviation from the guidelines. In fact, permitting an order of $250 per week to continue would leave the defendant with $115 per week ($365 less $250), which is less than the $135 per week minimum allocation to the payor spouse.
The defendant's appeal is sustained.
The magistrate's decision is reversed, and the defendant's motion for modification of child support is granted. The defendant's obligation for child support shall be $160 per week. The payments shall continue to be made through the Support Enforcement Unit and be monitored by the Family Support Magistrate. A contingent wage withholding order shall enter, subject to change, if required, by the Family Support Magistrate, after a hearing.
The remaining question is the effective date of the modified order. The petition by defendant was filed in May, 1990. Hearings were not completed until October 22, 1990, with briefs being submitted by the end of December, 1990. The decision by the magistrate was not filed until April 30, 1991. The entire CT Page 9076 process took eleven months.
Section 46b-231 (n)(8) of the the General Statutes provides that any order of this court pursuant to an appeal may be retroactive to the date of the original order entered by the family support magistrate. Under the circumstances of this case, literal compliance with the statute would be inequitable to the defendant. The hearings were delayed, not due to the defendant's actions. The hearings were completed on October 22, 1990, and the defendant was required to await a decision until April, 1991, a period of six months.
This court interprets Section 46b-231 (n)(8) to permit it to enter an order retroactive to a reasonable date the magistrate's decision should have been issued.
In this case, with a consideration of the volume of business before the magistrate, the court believes that a reasonable time to issue a decision after the completion of the hearings and permitting time for the filing of briefs would be November 30, 1990. Therefore, the court orders that the modification be retroactive to December 1, 1990. Credits shall be allowed against any arrearages due to reflect this adjustment.
Judgment may enter accordingly.
NOVACK, J.